FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50531 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00257-BEN |
| v. | |
| JOSE JESUS CORTEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Jose Jesus Cortez appeals from the 77-month sentence imposed following

his guilty-plea conviction for attempted entry after deportation, in violation of 8

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Cortez contends that his sentence is substantively unreasonable. He argues that the district court should have granted a downward departure because the Guidelines range overrepresents his criminal history and because his prior felony conviction, which triggered a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), is stale. The sentence at the bottom of the Guidelines range is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51, (2007); *United States v. Tankersley*, 537 F.3d 1100, 1113 (9th Cir. 2008) ("After *Booker*, the scheme of downward and upward departures has been replaced by the requirement that judges impose a reasonable sentence.").

**AFFIRMED.**